UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **KENON L BURNS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL NO. W-23-CV-00698-ADA |
| § | |
| **THE DEPARTMENT OF THE** § | |
| **UNITED STATES ARMY, THE** § | |
| **UNITED STATES DEPARTMENT OF** § | |
| **VETERANS AFFAIRS, DEFENSE FI-** § | |
| **NANCE AND ACCOUNTING SER-** § | |
| **VICE,** § | |
| § | |
| **Defendants.** | |

## ORDER DENYING PRELIMINARY INJUNCTION

Before the Court is *pro se* Plaintiff Kenon L Burns's Motion for a Preliminary Injunction. ECF No. 17. The Motion was filed on January 8, 2024, and no opposition was filed by January 22, 2024. Having considered the briefing, the relevant facts, and the applicable law, the Court **DENIES** the Motion **WITHOUT PREJUDICE** to refiling**.**

Plaintiff, a former member of the United States Army, was apparently discharged, had his security clearance revoked, and was denied benefits. *See* ECF No. 17 at 1. Plaintiff alleges violations of a variety of laws throughout his Complaint and Motion for a Preliminary Injunction. *See generally* ECF Nos. 4, 17. Plaintiff requests an injunction that will reinstate his benefits, with potential backpay, and his U.S. Armed Forces Retired Identification Card. ECF No. 17 at 2.

The Motion includes a certificate of service at the end stating that the complaint was electronically filed with the Clerk of Court on January 8, 2024. *Id.* at 3. The Motion also certifies that Plaintiff "served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2)." *Id.* However, ever since this case was

transferred from the Northern District of Texas, where it was filed, summonses have been neither issued nor served. As of the date of this order, no counsel has appeared for any Defendant. Indeed, the filing receipt for the Motion shows that notice was provided to *Plaintiff* and no one else.

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "Because Rule 65(a)(1) does not define the amount or type of notice required, '[t]he sufficiency of written and actual notice is a matter for the trial court's discretion.'" *Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *2 (5th Cir. Aug. 23, 2021) (per curiam) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) (per curiam)).

The current situation is on all fours with the denial of a preliminary injunction in *Buckler v. Austin*, No. EP-22-CV-00368-DCG, 2023 WL 2557360 (W.D. Tex. Jan. 20, 2023). In *Buckler*, the plaintiff moved for a preliminary injunction without first having served any of the Defendants with process. *Id.* at *1. The Court stated, "Until Plaintiff *validly* serves Defendants with process, the Court cannot grant Plaintiff the injunctive relief he requests." *Id.* (emphasis added). The Court noted that the motion included a certificate of service attesting that service had been made according to Fed. R. Civ. P. 5(b)(2). *See id.* "However, because no Defendant has yet appeared in this case, neither Defendants nor their counsel received an electronic notice from the Court when Plaintiff filed his Motion. The Court therefore has no hard proof that Defendants received the Motion." *Id.* The *Buckler* Court therefore denied the motion for preliminary injunction without prejudice to refiling "once Plaintiff has validly served Defendants with process and provided Defendants the requisite notice under Federal Rule of Civil Procedure 65(a)(1)." *Id.*

The Court holds that Plaintiff has failed to prove that he provided sufficient notice of the Motion to the Defendants. As in *Buckler*, no Defendant has appeared or been validly served with

process. *See* 2023 WL 2557360, at *1. As in *Buckler*, electronic notice of the preliminary injunction motion was not provided to any Defendant. *See id.* Thus, this Court, like the *Buckler* Court, lacks "hard proof" that any Defendant knows about the motion. *See id.* Plaintiff's *pro forma* recitation of service consistent with Rule 5(b)(2) changes neither the underlying facts nor the Court's ultimate conclusion. The Federal Rules of Civil Procedure therefore prohibit this Court from granting a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1).

Because Plaintiff's Motion is procedurally deficient, the Court will deny the motion without prejudice to refiling once the procedural deficiencies are cured. The Court notes that the United States and its agencies cannot waive service of process through Rule 4(d). *See* Fed. R. Civ. P. 4(i) advisory committee's notes to 1993 amendment. Therefore, in the exercise of its discretion, the Court will require Plaintiff to validly serve Defendants with process before refiling this Motion.

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction is **DENIED WITHOUT PREJUDICE** to refiling once Plaintiff has validly served Defendants with process and provided Defendants the requisite notice under Federal Rule of Civil Procedure 65(a)(1).

**SIGNED** this 24th day of January, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE