**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KENON L. BURNS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:23-CV-00698-ADA-DTG** |
| | § | |
| **THE DEPARTMENT OF THE** | § | |
| **UNITED STATES ARMY, et al.,** | § | |
| | § | |
| *Defendants,* | § | |

## REPORT & RECOMMENDATION TO GRANT MOTION TO DISMISS (DKT. NO. 25)

**TO:    THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendants' motion to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 25). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

The pro se plaintiff, Kenon L. Burns, served in the United States Army from March 2000 to September 2009. Dkt. No. 22 at 2. He alleges that the Army revoked his security clearance without notice or the appropriate review because of his "mental health issues" in 2008. *Id.* at 3.

He was later placed on the Temporary Disability Retirement List (the "TDRL"). *Id.* at 10. In 2014, this status was revoked, which affected his military status and benefits. *Id.*

In 2023, the plaintiff filed suit against the defendants, the Department of the United States Army, the United States Department of Veterans Affairs, the Defense Finance and Accounting Service, the Defense Manpower Data Center, and TRICARE, arguing that the revocation of his security clearance and his removal from the TDRL constitutes unlawful discrimination and fraud. *See id.* The defendants move to dismiss his complaint for lack of subject-matter jurisdiction and for failing to state a cognizable claim for relief. *See* Dkt. No. 25. In part, the defendants argue that the plaintiff's claims are barred by the statute of limitations proscribed by 28 U.S.C. § 2401(a). Dkt. No. 25 at 9.

## II.    ANALYSIS

Generally, federal courts must first resolve challenges to its subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999). If a court determines that it lacks jurisdiction over a controversy, "the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). The party asserting federal jurisdiction bears the burden of proving it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)).

A civil action against the United States must be filed within six years of when the right of action accrues. 28 U.S.C. § 2401(a). Generally, a right of action accrues "when the plaintiff can file suit and obtain relief." *Doe v. United States*, 853 F.3d 792, 801 (5th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). If the plaintiff fails to file his complaint within this period, a federal court does not have jurisdiction over the case. *State v. Rettig*, 987 F.3d 518, 529

(5th Cir. 2021) (citing *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997)).

The plaintiff claims that the statute of limitations "do not and should not" apply to his complaint because the government's violations are "ongoing." Dkt. No. 22 at 2; Dkt. No. 26 at 5. In support, he cites to *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) and *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Dkt. No. 22 at 2. Neither case salvages his complaint.

In *Havens Realty Corp.*, the United States Supreme Court held that a Fair Housing Act claim to address a continuing unlawful practice was timely if it was filed within 180 days of the last asserted violation. 455 U.S. at 381. The Supreme Court explicitly limited its holding to Fair Housing Act violations, which the plaintiff does not allege. *See id.* at 380–81. Even assuming *arguendo* that the Court should ignore this express limitation, this doctrine would only extend the limitations period to six years after the last asserted violation. The latest asserted violation in the complaint occurred in 2014 (Dkt. No. 22 at 3), and so the statute of limitations expired, at latest, in 2020. The Supreme Court similarly limited its holding in *National R.R. Passenger Corp.* 536 U.S. at 117 (finding that a hostile work environment claim is timely filed as long as one underlying act occurred within the filing period). As a result, neither case permits the Court to find that this suit was timely filed.

The plaintiff also invokes the doctrine of equitable tolling to extend his time for filing. Dkt. No. 26 at 5. This doctrine is equally inapplicable. When a statute of limitations is jurisdictional, it is not subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 408–09 (2015) (stating that a jurisdictional time bar must be enforced even if equitable considerations would otherwise toll). Therefore, the undersigned finds that this suit is incurably time-barred and

**RECOMMENDS** that it be **DISMISSED** for want of subject-matter jurisdiction. Because this matter is beyond its statute of limitations, the undersigned further **RECOMMENDS** that the dismissal be with prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (stating that dismissals after the statute of limitations elapses are reviewed as dismissals with prejudice).

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendants' motion to dismiss (Dkt. No. 25) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE** for want of subject-matter jurisdiction. It is further **RECOMMENDED** that all other motions be **DENIED-AS-MOOT** (Dkt. Nos. 44, 47, 48, 53, 57, 58, 59, 63).

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79

F.3d at 1428–29.

      **SIGNED** this 27th day of March, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE